UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,             )<br>                                                             )<br>                         Plaintiff,       )<br>        v.                                            )<br>                                                             )<br>OSIRIS AKHIR.                             )<br>                                                             )<br>                         Defendant.  ) | Case No. 21-CR-20014 |

## ORDER

Defendant, Osiris Akhir, has filed a Motion to Sever (#50), requesting that the court order the two charges against him be tried separately. The government has filed a Memorandum in Opposition (#55), arguing that joinder of the offenses is proper. For the reasons set forth below, Defendant's Motion to Sever (#50) is DENIED.

### BACKGROUND

Defendant was charged via indictment with Possession of Methamphetamine with Intent to Distribute (Count I), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and Possession of a Firearm and Ammunition by a Felon (Count II), in violation of 18 U.S.C. § 922(g)(1). According to the government's Memorandum in Opposition, the charges arise from a search of Defendant's residence, during which police found "a large amount of methamphetamine in the freezer." The search also uncovered

ammunition, large amounts of cash, a digital scale with drug residue, and "[t]wo firearms and more methamphetamine . . . in a duffle bag in a shed on the property."

Defendant filed his Motion to Sever on June 8, 2022. In the Motion, he argues that he would be unduly prejudiced in the jury's consideration of the drug charge if the jury learned about his prior felony conviction, an element of the gun charge.

In its Memorandum in Opposition, filed on June 22, 2022, the government asserts that the evidence of guns and drugs are inextricably intertwined, and that, for that reason, charges like those in this case are routinely tried together. Moreover, the government offers to stipulate that Defendant has "previously been convicted of a crime punishable by imprisonment for a term exceeding one year," (see 18 U.S.C. § 922(g)(1)), rather than introducing a certified copy of Defendant's conviction. The government urges that such a stipulation, in combination with standard jury instructions, would serve to minimize any potential prejudice arising from the fact of Defendant's prior conviction.

## ANALYSIS

Federal Rule of Criminal Procedure 8(a) provides that multiple offenses may be charged together where they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 14, in turn, vests the district court with discretion to sever charges if joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). The district court must construe Rule 8(a) broadly, so as to conserve judicial resources

and avoid costly, duplicative trials. *United States v. Nettles*, 476 F.3d 508, 516 (7th Cir. 2007); *United States v. Rollins*, 301 F.3d 511, 518 n.1 (7th Cir. 2002).

The Seventh Circuit has established that there is a "presumption that, because of the close relationship between drug trafficking and firearms offenses, joinder of such offenses is ordinarily proper." *United States v. Blanchard*, 542 F.3d 1133, 1141 (7th Cir. 2008). That presumption derives from the "natural inferences that may be drawn from the contemporaneous possession of guns and drugs or drug paraphernalia: the firearm is an indication of drug activity, and participation in drug trafficking supplies a motive for having the gun." *Id*. (quoting *United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000). The Seventh Circuit has thus regularly found that joinder is proper in cases like Defendant's. E.g., *id*. at 1141-42; *Stokes*, 211 F.3d at 1042-43; *United States v. Windom*, 19 F.3d 1190, 1197 (7th Cir. 1994) (finding "that joinder of a weapons offense with drug charges is proper under Rule 8(a), especially when the weapons and drugs are found in the same search"). The presumption in favor of joinder of such offenses may only be overcome by a significant disconnect between the offenses, such as a large disparity in time between the drug trafficking and the gun possession. *Blanchard*, 542 F.3d at 1141-42.

There is no disconnect, significant or otherwise, between the drug offense and the gun offense in this case. Not only were the methamphetamine, ammunition, and guns found during the same search, but guns and methamphetamine were actually found in the same duffel bag during the course of that search. The court agrees with the government's assertion that the evidence of the two charged offenses is "inextricably

3

intertwined." Defendant has not overcome the presumption that charges of this nature will be joined, and the court therefore DENIES the Motion to Sever (#50).

In reaching this conclusion, the court notes that the jury will be instructed that it should not consider the fact of Defendant's prior conviction for any purpose other than the question of whether he committed the offense of Possession of a Firearm and Ammunition by a Felon. See Seventh Circuit Pattern Criminal Jury Instructions (2020 ed.) No. 3.06. The Seventh Circuit has observed that such an instruction alleviates the risk of prejudice to a defendant in this context. *Stokes*, 211 F.3d at 1043. Moreover, Defendant has the option of further mitigating the risk of prejudice by accepting the offer to proceed by way of stipulation with regard to the prior conviction element of the firearm offense. See *id*. (noting that stipulation to prior conviction, which omitted the word "felon" and details of the underlying offense, mitigated risk of prejudice of joinder).

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Sever (#50) is DENIED.

(2) The matter remains set for jury trial on September 20, 2022, at 9:00 am, in Courtroom A in Urbana, before the undersigned.

ENTERED this 5th day of July , 2022.

s/Colin Stirling Bruce
COLIN S. BRUCE
U.S. DISTRICT JUDGE